UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE OCWEN FEDERAL BANK FSB | ) | 04 C 2714 |
| MORTGAGE SERVICING LITIGATION | ) | MDL No. 1604 |
| | ) | Honorable Charles R. Norgle |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Joint Motion to Amend March 22, 2006 Opinion and Order Denying Motion to Dismiss Plaintiffs' State-Law Claims on Federal Preemption Grounds to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). For the following reasons, the court grants Defendants' Motion, and certifies its March 22, 2006 Opinion and Order for interlocutory review.

## I. BACKGROUND

On March 22, 2006, the court entered an Opinion and Order denying Defendants' Joint Motion to Dismiss Plaintiffs' State-Law Claims on Federal Preemption Grounds (the "Opinion"). In Re Ocwen Federal Bank FSB Mortgage Servicing Litigation, No. 04 C 2714, 2006 U.S. Dist. LEXIS 21715 (N.D. Ill. March 22, 2006). In the Opinion, the court held that Plaintiffs' common law claims, as well as Plaintiffs' state consumer protection statute claims, were not preempted by the federal Home Owners' Loan Act ("HOLA") or its implementing regulations.

In its Opinion, the court first examined HOLA's legislative history, and explained that Congress enacted HOLA in order to provide for uniform regulation of federal savings and loans to ensure that these institutions would remain sound and able to supply financing for home purchases. Id. at *13-15. The court then noted that despite Congress' intent that HOLA

1

supercede state law in much of the banking field, "'states retain some power to regulate national banks in areas such as contracts, debt collection, acquisition and transfer of property, and taxation, zoning, criminal, and tort law.'" Id. at *16 (quoting The Bank of America v. City and County of San Francisco, 309 F.3d 551, 559 (9th Cir. 2002)). The court also cited to 12 C.F.R. § 560.2(c), which provides that state laws pertaining to, *inter alia*, contract, commercial, and tort law are not preempted by federal regulations. Id. at *16-17.

The court therefore concluded that Plaintiffs' state law claims were not preempted by federal law, and denied Defendants' Motion to Dismiss. Id. at *19. On April 13, 2006, Defendants filed their Motion seeking interlocutory review of this Opinion.

## II. DISCUSSION

### A. Standard of Decision

The movant seeking the grant of a motion to certify an interlocutory order for immediate appeal pursuant to 28 U.S.C. § 1292(b) bears a heavy burden, as only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Fisons Limited v. United States, 458 F.2d 1241, 1248 (7th Cir.1972). The statutory text of 28 U.S.C. § 1292(b) provides, *inter alia*:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

See also In re Ford Motor Co., 344 F.3d 648, 653 (7th Cir. 2002); Ahrenholz v. Bd. of Trs. of the U. of Ill., 219 F.3d 674, 675 (7th Cir. 2000). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be

2

*controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." Ahrenholz, 219 F.3d at 675. "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." Id. When a district court certifies an order for interlocutory appeal, the court should identify the question it believes meets the criteria for interlocutory review. See In the Matter of Arthur J. Hamilton, 122 F.3d 13, 14 (7th Cir. 1997).

**B. 28 U.S.C. § 1292(b) Criteria**

*1. Question of Law*

The first statutory criterion under § 1292(b) is that there must be a question of law. In Ahrenholz, the Seventh Circuit provided a definition of "question of law," stating that a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." 219 F.3d at 676. The Seventh Circuit then emphasized that the framers of § 1292(b) intended the term "question of law" to refer to "'pure' question[s] of law rather than merely to an issue that might be free from a factual contest." Id. at 676-77.

The issue of the preemptive effect of HOLA and its implementing regulations on Plaintiffs' state-law claims is an "abstract issue of law . . . suitable for determination by an appellate court without a trial record." See Ahrenholz, 219 F.3d at 677; see also Hamilton, 122 F.3d at 14. Moreover, the Seventh Circuit has previously granted an interlocutory appeal on the issue of federal preemption of state law claims. See United Airlines, Inc. v. Mesa Airlines, Inc., 219 F. 3d 605 (7th Cir. 2000) (taking a § 1292(b) appeal to determine whether federal law preempted state-business tort law in lawsuits brought by airlines over routes and rates of service).

3

Other circuits have also recognized that issues of federal preemption are the sorts of "pure" issues of law appropriate for interlocutory review. See, e.g., Witty v. Delta Air Lines, Inc., 366 F.3d 380 (5th Cir. 2004); Cearley v. General American Transportation Corp., 186 F.3d 887 (8th Cir. 1999). The court therefore determines that the issue presented in its Opinion is a question of law within the meaning of § 1292(b).

## 2. *Controlling*

The second statutory criterion under § 1292(b) is that the question of law must be controlling. A question of law is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir 1996). If Defendants ultimately prevail on this issue, twenty of Plaintiffs' twenty-three counts will be dismissed. The court therefore determines that the issue presented in its Opinion is controlling.

## 3. *Contestable*

The third statutory criterion under § 1292(b) is that the question of law must be contestable, i.e., that substantial grounds for a difference of opinion on the issue exist. An issue is contestable within the meaning of § 1292(b) if there is a "difficult central question of law which is not settled by controlling authority," and a "substantial likelihood" exists that the district court's ruling will be reversed on appeal. In re Brand Name Prescription Drugs Antitrust Litigation, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995).

In this case, the court is presented with a complex legal issue on which there is no controlling Seventh Circuit precedent. While the court is loath to determine that there is a "substantial likelihood" that it will be reversed on appeal, the court does note that Defendants

4

present well-reasoned arguments in support of their position. Defendants assert (1) that the court's interpretation of 12 C.F.R. § 560.2(c) differs from the Office of Thrift Supervision's interpretation of that regulation, (2) that other courts have found state-law claims similar to Plaintiffs' claims to be preempted by federal law, and (3) that other courts have recognized a broad presumption in favor of preemption in banking law. For these reasons, the court determines that the issue presented in its Opinion is contestable.

### 4. *Materially Advance the Litigation*

The fourth statutory criterion under § 1292(b) is that resolution of the question of law "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also Ahrenholz, 219 F.3d at 675. As the court has already indicated, should Defendants prevail on this issue, twenty counts of Plaintiffs' twenty-three count Complaint will be dismissed. The court therefore determines that resolving this issue of law has the potential to materially advance this litigation.

### 5. *Timeliness*

Although there is no statutorily imposed time frame for filing a petition for interlocutory review with the district court, such requests must be filed within a reasonable period of time after the entry of the order for which such review is sought. Ahrenholz, 219 F.3d at 675. Defendants filed their Motion seeking interlocutory review on April 13, 2006. Excluding weekends, this Motion was filed sixteen days after the court entered the Opinion. The court finds that Defendants have timely filed their petition for interlocutory review.

## III. CONCLUSION

For the foregoing reasons, the court certifies its March 22, 2006 Opinion and Order for interlocutory review. The question the court believes meets the criteria for interlocutory review by the Seventh Circuit is the following: whether HOLA and its implementing regulations preempts Plaintiffs state-law claims.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: May 16, 2006