

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2714 | **DATE** | 5/8/2012 |
| **CASE TITLE** | In Re: Ocwen Federal Bank FSB Mortgage Servicing Litigation | | |

**DOCKET ENTRY TEXT**

Ocwen's Motion to Strike Docket Entry Number 487 [499] is granted. The document filed at Docket Number 487 in this action by non-party Pamela Mary Brinkmann ("Brinkmann") is stricken from the record. Brinkmann's Motion to Strike Ocwen's Motion to Strike Docket Entry Number 487 [520] is denied.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

    Before the Court is Ocwen Loan Servicing, LLC (successor in interest to Ocwen Federal Bank FSB) and Ocwen Financial Corporation's (collectively, "Ocwen") Motion to Strike Docket Entry Number 487. Also before the Court is Pamela Mary Brinkmann's ("Brinkmann") Motion to Strike Ocwen's Motion to Strike Docket Entry Number 487. For the following reasons, Brinkmann's motion is denied and Ocwen's motion is granted.
    As an initial matter, the Court notes that Brinkmann's submission titled, "Motion to Strike Ocwen's Motion to Strike Docket Entry Number 487," provides no plausible grounds for granting the motion. Brinkmann's motion is therefore denied. The Court construes the motion as Brinkmann's response brief in opposition to Ocwen's motion.
    On February 15, 2012, non-party Brinkmann filed a purported "Writ of Execution" for $3,000,000 against Ocwen Federal Bank FSB. However, no judgment has been entered against Ocwen in Brinkmann's favor. Brinkmann is not a plaintiff or otherwise a party to this litigation. Nor is she a party to any of the constituent actions that were consolidated in this multidistrict litigation proceeding. Brinkmann qualified as a class member under the settlement that the Court entered Final Approval on July 6, 2011, but she opted out of the settlement.
    On November 3, 2011, the Court entered the following Minute Order: "On November 3, 2011, the court received an unsolicited communication from Pamela Mary Brinkmann. The Clerk shall file it and send copies to all counsel of record." Minute Order, Nov. 3, 2011. In the unsolicited communication, dated October 31, 2011, Brinkmann states among other things, "I have asked for $3,000,000 in settlement." Doc. No. 485. Also included in the unsolicited communication is a document purporting to be an order of the Court, which states: "Enter Revised Final Approval Order and Judgment. FOR THE PLAINTIFF, PAMELA MARY BRINKMANN $3,000,000.00 . . . ." Id. This fabricated order was not prepared by the Court. Nor was it signed by the Court. Brinkmann has misinterpreted the Court's Minute Order directing the Clerk to file the unsolicited communication. In her view, the mere filing of this unsolicited communication is a "Final

| STATEMENT |
|---|

approval order and judgment." Brinkmann's Mot. to strike Ocwen's Mot. to Strike Docket Entry Number 487 ¶ 2. For clarification, this was not and is not a judgment in favor of non-party Brinkmann.

As there is no judgment upon which to execute, the Court strikes Brinkmann's filing titled, "Writ of Execution." See Norwood v. Harrison, 563 F.2d 722, 724 (5th Cir. 1977) ("[N]o judgment is entered . . . . We are unable to see how a writ of execution could issue against anybody on the strength of this document."); United Trading & Shipping, Inc. v. Commonwealth Ins. Co., No. CIV.A. 94-4742, 1998 WL 426542, at *2 (E.D. Pa. July 29, 1998) (striking a writ of execution that was improperly issued prior to final judgment).

IT IS SO ORDERED.

2012 MAY -8 PM 4:34
U.S. DISTRICT COURT