# United States District Court, Northern District of Illinois

MY

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2714 | **DATE** | 7/16/2012 |
| **CASE TITLE** | In Re: Ocwen Federal Bank FSB Mortgage Servicing Litigation | | |

**DOCKET ENTRY TEXT**

Plaintiff James Standly's Motion for Suggestion of Remand [488] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff James Standly's ("Standly") Motion for Suggestion of Remand. For the following reasons, the motion is denied.

On October 5, 2006, Standly filed a complaint against Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, and Ocwen Federal Bank FSB (collectively, "Ocwen") in the District Court of Dallas County, Texas. Ocwen subsequently removed the case to the United States District Court for the Northern District of Texas. After finding that Standly's action "involves questions of fact that are common to the actions previously transferred to [this Court]," Ocwen's Mem. in Opp. to Standly's Mot. for Suggestion of Remand Ex. B, the Judicial Panel on Multidistrict Litigation ("Panel") transferred Standly's case to this Court as part of MDL No. 1604 on January 8, 2007. Id. Ex. C. Standly's case remains in the pretrial phase, as the parties have not filed dispositive motions and discovery has not closed. See, e.g., U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F. Supp. 2d 25, 37 (D.D.C. 2007) ("[P]retrial proceedings do not conclude until a final pretrial order is entered . . . all prior proceedings-including rulings on motions for summary judgment-are pretrial proceedings that may properly remain before the transferee court.").

Standly now moves this Court (or "transferee court") to suggest to the Panel that his case be remanded back to the Northern District of Texas (or "transferor court"). The transferee court has no authority to remand a case back to the transferor court; that power lies solely with the Panel. See In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig., No. 05 C 7097, 2010 WL 1418399, at *1 (N.D. Ill. Apr. 6, 2010); Manual for Complex Litigation (Fourth) § 20.133 (2004). However, the transferee court may recommend remand "by filing a suggestion of remand with the Panel." Panel Rule 10.1(b). In determining whether to issue a suggestion of remand to the Panel, the transferee court is "guided by the standards for remand employed by the panel." In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001).

Pursuant to the Multidistrict Litigation ("MDL") statute, the Panel must remand MDL member cases to the district from which they were transferred "at or before the conclusion of" coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). "The Panel will 'remand an action prior to the completion of pretrial proceedings only upon a showing of good cause,'" In re Ameriquest, 2010 WL 1418399, at *2 (quoting In re CBS Color Tube Patent Litig., 342 F. Supp. 1403, 1405 (J.P.M.L. 1972)), which "generally turns on the question

| STATEMENT |
|---|

of whether the case will benefit from further coordinated proceedings as part of the MDL," In re Bridgestone/ Firestone, Inc., 128 F. Supp. 2d at 1197 (citation omitted). Remand is inappropriate when "continued consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." In re Ameriquest, 2010 WL 1418399, at *1 (internal quotation marks and citation omitted). By contrast, "remand may be appropriate if 'everything that remains to be done is case-specific.'" In re Aqua Dots Prods. Liab. Litig., No. 08 C 2364, 09 C 7652, 2011 WL 3325783, at *1 (N.D. Ill. Aug. 2, 2011) (quoting In re Bridgestone/ Firestone, Inc., 128 F. Supp. 2d at 1197).

Standly argues that a suggestion of remand is appropriate in light of the Court's July 1, 2011 Order granting final approval of the settlement in the MDL. Pursuant to that Order, Standly has retained all of his claims, with the exception of those under the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act. Standly contends that, because this Court has entered the order approving settlement, "cases with claims still pending now must be remanded back to their transferor courts." Standly's Mot. for Suggestion of Remand 2. Standly's argument is without merit.

First, the disposition of some, or even most, constituent actions is not grounds for remanding the remaining actions where, as here, pretrial proceedings have not concluded. See, e.g., Moore v. Sulzer Orthopedics, Inc., 337 F. Supp. 2d 1002, 1005 (N.D. Ohio 2004) (ruling that approval of a class action settlement that dismissed "the great majority of the cases originally transferred . . . as part of the MDL" did not necessitate a suggestion of remand where the Panel's initial transfer of the case "was for the purpose of oversight of all pretrial proceedings, which had not concluded"); see also In re Wilson, 451 F.3d 161, 170 (3d Cir. 2006) ("[A] proceeding that relates only to a single individual's case or claim can nonetheless be coordinated, as coordination can be found even if common issues are present only in relation to cases that have already been terminated.") (internal quotation marks and citation omitted); Hocket, 498 F. Supp. 2d at 37 ("[C]ases may be coordinated, and thus serve the purposes of the [MDL] statute, even if all other cases have already been disposed of . . . .") (citing Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 34 (1998)).

Second, while the majority of the constituent cases were dismissed by virtue of the settlement agreement, as set forth above, numerous actions remain. Indeed, Ocwen points to several pending consolidated actions that "significantly overlap" with Standly's claims, see Ocwen's Mem. in Opp. to Standly's Mot. for Suggestion of Remand 3, which Standly does not dispute. Because these cases assert similar claims and are still in a pretrial phase, continued consolidation will serve the MDL statute's purposes of "eliminate[ing] duplicative discovery, prevent[ing] inconsistent pretrial rulings, and conserve[ing] the resources of the parties, their counsel and the judiciary." In re Ameriquest, 2010 WL 1418399, at *1.

Third, this Court's familiarity with the issues in this case, as well as the related issues that remain in other cases in this MDL, indicates that it would be more efficient to complete discovery here rather than ask the transferor court to "play catch-up." Hocket, 498 F. Supp. 2d at 38; see also In re Crown Life Ins. Premium Litig., 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Finally, Standly argues that the continued delay of this case, originally filed in 2006, has significantly hindered his ability to pay for his medical care and other living expenses. Although the Court recognizes Standly's position that the MDL has not benefitted him, his argument fails because he does not allege that discovery is complete or that the remaining discovery is "case-specific." See In re Ameriquest, 2010 WL 1418399, at *1 ("Although we sympathize with the length of Farmer's litigation and her financial difficulties, the motion does not allege that discovery is complete or that the remaining discovery is 'case-specific.'").

For the foregoing reasons, the Court finds that this case will benefit from further coordinated proceedings as part of the MDL. Accordingly, Standly's motion for suggestion of remand is denied at this time.

IT SO ORDERED.